## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CRESTMARK, a division of METABANK, NATIONAL ASSOCIATION,

**Case No. 22-cv-10092-BAF-APP**

Plaintiff,

**Judge:  Bernard A. Friedman**

v.

**Magistrate Judge:  Anthony P. Patti**

SILVER BIRCH SYSTEMS LLC; and DANIEL T. OSHATZ, individually.

Defendants,

SPARTAN BUSINESS SOLUTIONS, LLC; and SPIN CAPITAL,

Petitioners.

---

## MOTION TO INTERVENE

NOW COME Spartan Business Solutions, LLC and Spin Capital (collectively, the "Petitioners"), by and through their counsel, Varnum LLP and Kaminski Law, PLLC, respectively, file this Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a) and in support of the Motion, rely on the accompanying brief in support.  Petitioners sought concurrence but Defendants refused to concur in this Motion.

WHEREFORE, Petitioners respectfully request that their Motion be granted.

Respectfully submitted,

Attorneys for Petitioners


Dated:


By:/s/ Jailah D. Emerson
    Brendan G. Best (P66370)
    Jailah D. Emerson (P84550)
    VARNUM LLP
    160 W. Fort Street, 5th Floor
    Detroit, MI  48226
    (313) 481-7300
    bgbest@varnumlaw.com
    jdemerson@varnumlaw.com
    Attorneys for Spartan Business
    Solutions, LLC


By:/s/ Shanna M. Kaminski
    Shanna M. Kaminski (P74013)
    KAMINSKI LAW, PLLC
    PO Box 725220
    Berkley, MI  48072
    (247) 462-7111
    skaminski@kaminskilawpllc.com
    Attorneys for Spin Capital

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CRESTMARK, a division of METABANK, NATIONAL ASSOCIATION,

$\qquad$ Plaintiff,

v.

SILVER BIRCH SYSTEMS LLC; and DANIEL T. OSHATZ, individually.

$\qquad$ Defendants,

SPARTAN BUSINESS SOLUTIONS, LLC; and SPIN CAPITAL,

$\qquad$ Intervenors.

**Case No. 22-cv-10092-BAF-APP**

**Judge:  Bernard A. Friedman**

**Magistrate Judge:  Anthony P. Patti**

---

## BRIEF IN SUPPORT OF MOTION TO INTERVENE

# TABLE OF CONTENTS

**Page**

CONCISE STATEMENT OF ISSUE PRESENTED**Error!     Bookmark     not defined.**

CONTROLLING AUTHORITIES...........................**Error! Bookmark not defined.**

I.      INTRODUCTION ....................................................................................1

II.     BACKGROUND ......................................................................................1

III.    LAW AND ARGUMENT..........................................................................2

      A.      LEGAL STANDARD .........................................................................2

      B.      SPARTAN BUSINESS SOLUTIONS, LLC AND SPIN CAPITAL
            SATISFIED THE REQUIREMENTS FOR INTERVENTION OF
            RIGHT UNDER FRCP 24(A)...........................................................3

          1.   Spartan Business Solutions, LLC and Spin Capital's Motion to
                 Intervene is timely................................................................3

          2.   Spartan Business Solutions, LLC and Spin Capital have acognizable
                 interest in subject matter of the litigation............................4

          3.   Spartan Business Solutions, LLC and Spin Capital's interests may be
                 impaired as a result of litigation..........................................6

          4.   Spartan Business Solutions, LLC and Spin Capital's interests are not
                 adequately protected by existing parties. ............................7

IV.     CONCLUSION..........................................................................................7

## INDEX OF AUTHORITIES

### Cases

*Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)...............8

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)................................9

*Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995)......................................................................12

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).........8

*Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 999 (8th Cir. 1993)...............................................................................12

*Outstate Michigan Trowel Trades Health & Welfare Fund v. Abbott Const., Inc.*, No. 09-CV-12856, 2010 WL 5387554, at *2 (E.D. Mich. Dec. 22, 2010).......10

*Penick v. Columbus Ed. Ass'n*, 574 F.2d 889, 890 (6th Cir. 1978)................12

*Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).......................7

*Spartan Business Solutions, LLC v. Silver Birch Systems LLC, et.al.*, (2022)....10

*Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984).................8,9,11

### Rules

Fed. R. Civ. P. 24

Fed. R. Civ. P. 24(a)(2)

## CONCISE STATEMENT OF ISSUE PRESENTED

1.      Whether the Court should permit non-parties, Spartan Business Solutions, LLC and Spin Capital to intervene pursuant to Federal Rule of Civil Procedure 24(a)?

**Intervenors state, "Yes."**

**Defendants state, "No."**

## CONTROLLING AUTHORITIES

### Case

*Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)

### Rule

Fed. R. Civ. P. 24(a)**Error! Bookmark not defined.**

## I.   <u>INTRODUCTION</u>

Petitioners request leave to intervene in this action under Federal Rule of Civil Procedure 24(a). Petitioners are entitled to intervention as of right. This motion is timely, made less than a month after the Court's Order appointing a receiver. Moreover, Petitioners have a substantial legal interest in the subject matter of this case since each of the parties have separate security interests and agreements whereby Defendants have defaulted. Petitioners ability to protect their interest is not adequately protected and may be impaired if intervention is not permitted because each of the parties have conflicting security interests. Therefore, Petitioners should be permitted to intervene as of right in the matter.

## II.   <u>BACKGROUND</u>

This action, filed on January 14, 2022, was brought by Crestmark, a division of Metabank National Association ("Crestmark") against Defendants Silver Birch Systems LLC and Daniel T. Oshatz. Crestmark seeks to enforce its rights and remedies with respect to (a) a business loan made to Defendants with an outstanding principal balance and (b) a guaranty issued in favor of Crestmark, whereby each of the Defendants unconditionally guaranteed and promised to pay promptly all indebtedness due and owing under certain commercial loan agreements. There are several actions pending throughout the country whereby Defendants have defaulted on agreements and similarly have outstanding balances and indebtedness due and

owing.  Plaintiff filed an Emergency Motion for the Appointment of a Receiver and

the Court subsequently entered an Order granting the Motion.  Docs. Nos. 5, 39.

Pursuant to the Order

> 6. On the Effective Date . . . all . . . . persons and entities (including any
> existing or future creditors of Borrower): . . . . (ii) except by leave of
> the Court, shall be enjoined, restrained, stayed, and prohibited from (a)
> commencing, prosecuting, continuing or enforcing any suit or
> proceeding against or affecting Borrower or any part of the
> Receivership Assets, ***except that the proposed intervening parties Spin***
> ***Capital and Spartan Business Solutions, LLC are permitted to***
> ***continue their pending lawsuits in New York state or initiate any***
> ***lawsuits necessary in New York state against Borrower (solely, with***
> ***respect to the Borrower, for the purposes of liquidating their***
> ***respective claims against the Borrower)*** . . . . .

Doc. No. 39.  This provision allows the New York actions filed by Petitioners,

respectively, to proceed with no restrictions against Oshatz and Silver Birch. It

permits liquidation of the claims against Silver Birch. It does not permit collection

from Silver Birch.  The Receiver is now charged with liquidating Silver Birch assets

and distributing assets to creditors like Petitioners.

## III.   LAW AND ARGUMENT

### A.   LEGAL STANDARD

Intervention is broadly construed in favor of intervening parties. *See Purnell*

*v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).  Fed. Rule Civ. P. 24(a) governs

intervention as of right and provides in pertinent part that

> "[o]n timely motion, the court must permit anyone to intervene who . .
> . claims an interest relating to the property or transaction that is the

2

subject of the action, and is so situated that disposing of the action may
as a practical matter impair or impede the movant's ability to protect its
interest, unless existing parties adequately represent that interest.

Federal Rule of Civil Procedure[1] 24(a)(2).  Rule 24(a) has four elements, each of

which must be satisfied before intervention as of right will be granted: (1) timeliness

of the application to intervene, (2) the applicant's substantial legal interest in the

case, (3) impairment of the applicant's ability to protect that interest in the absence

of intervention, and (4) inadequate representation of that interest by parties already

before the court.  *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984); *see*

*also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing

*Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

    **B.**    **SPARTAN BUSINESS SOLUTIONS, LLC AND SPIN CAPITAL SATISFIES THE REQUIREMENTS FOR INTERVENTION OF RIGHT UNDER FRCP 24(A).**

        **1.**    **Spartan Business Solutions, LLC and Spin Capital's Motion to Intervene is timely.**

In determining whether a motion to intervene is timely under the Rule, the

Court should consider: (1) the point to which the suit has progressed; (2) the purpose

for which intervention is sought; (3) the length of time preceding the application

during which the proposed intervenors knew or should have known of their interest

in the case; (4) the prejudice to the original parties due to the proposed intervenors'

---

[1] Hereinafter referred to as Fed. Rule Civ. P. or FRCP.

3

failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Each of the above-mentioned factors weighs in favor of Petitioners intervention. Plaintiff filed this action on January 14, 2022. Doc. No. 1. Petitioners appeared at the hearing on the Emergency Motion for Appointment of Receiver held on March 9, 2022, the Court entered an order, on March 22, 2022, appointing the Receiver.   Doc. No. 39. Petitioners have not delayed in seeking to intervene, Petitioners filed this motion less than a month later. Petitioners are not seeking to delay the pending proceedings, but instead to protect their own security interests from depletion by Defendant and TeleEscrow, Inc.   The parties to this case will likewise not be prejudiced by Petitioners intervention since Petitioners seek to protect its own security interest. Plaintiff has concurred in this Motion. Further, there are no unusual circumstances militating against intervention. Accordingly, Petitioners' motion is timely.

2.     **Spartan Business Solutions, LLC and Spin Capital have a cognizable interest in subject matter of the litigation.**

An applicant for intervention "must have an interest in the subject matter of the litigation . . . that is direct, as opposed to tangential or collateral," and that interest

4

must be "substantial and legally protectable." *Triax Co. v. TRW, Inc.,* 724 F.2d 1224,

1227 (6th Cir. 1984).  Spartan Business Solutions, LLC and Spin Capital entered

into a Standard Merchant Cash Advance Agreement pursuant to which they

purchased a percentage of the company Defendants' total future accounts receivable

in exchange for an upfront purchase price.  Pursuant to the Agreement, company

Defendant agreed to wire required funds to Spartan Business Solutions, LLC and

Spin Capital, respectively, through a firm called TeleEscrow, Inc.  In addition,

Daniel T. Oshatz guaranteed the performance of the Company Defendants'

obligations in the event that Company Defendants failed to perform.

Defendants failed to make the agreed upon payment and otherwise breached

the Agreement.  At least five other merchant cash advance companies have filed

actions against Defendants since January 13, 2022 for breach of monetary

agreements. *See, e.g.*, **Exhibit A**, Plaintiff's Complaint, *Spartan Business Solutions,*

*LLC v. Silver Birch Systems LLC, et.al.*, (2022) (Index No.: #2022-60) (Sullivan

Supreme Court of New York).  Spartan Business Solutions, LLC and Spin Capital's

interest in recovering its valuable security interest is certainly substantial, and its

right to protect and recover its security interest is legally protectable.  *See, e.g.,*

*Outstate Michigan Trowel Trades Health & Welfare Fund v. Abbott Const., Inc.,*

No. 09-CV-12856, 2010 WL 5387554, at *2 (E.D. Mich. Dec. 22, 2010) ("Hanover

has a right to intervene in this action due to its security interest in the funds being

held by Fidelity Bank. Hanover's presence in the action before this court is necessary to avoid impairing or impeding Hanover's ability to protect its interest in the funds, and there is no other party in the action adequately situated to represent Hanover's interest."). Further, Plaintiff, Spartan Business Solutions, LLC, and Spin Capital each rank differently with respect to the priority of their respective security interest. In light of these circumstances, Spartan Business Solutions, LLC and Spin Capital have a direct and substantial interest in protecting their own security interest.

### 3. Spartan Business Solutions, LLC and Spin Capital's interests may be impaired as a result of litigation.

The third essential element for intervention under Rule 24(a)(2) is that the applicant's interest may, as a practical matter, be impaired by the litigation, such as by the operation of res judicata, collateral estoppel, or stare decisis. *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984). Here, Spartan Business Solutions, LLC and Spin Capital's interest in recovering its valuable security interest could plainly be impaired, as a practical matter, by any distribution of proceeds by the Receiver. With respect to Spartan Business Solutions, LLC and Spin Capital's security interests, resolution of this matter will almost certainly require distribution. Spartan Business Solutions, LLC and Spin Capital, as secured creditors, may be harmed if they have no opportunity to participate in this matter. With respect to Petitioners out of state actions giving rise to similar allegations in Plaintiff's

Complaint, Spartan Business Solutions, LLC and Spin Capital's security interest may be impaired by a finding of breach in Plaintiff's favor.

    **4.   Spartan Business Solutions, LLC and Spin Capital's interests are not adequately protected by existing parties.**

The fourth requirement for intervention is that the intervenor's interest must not be adequately protected by the existing parties. *Penick v. Columbus Ed. Ass'n*, 574 F.2d 889, 890 (6th Cir. 1978). The Sixth Circuit has recognized that persons seeking intervention need only carry a minimal burden of showing that their interests are inadequately represented by the existing parties. *Id. See Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 999 (8th Cir. 1993); *see also Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995) ("This requirement is met by a minimal showing that representation 'may be' inadequate."). Plaintiff is not positioned to adequately represent Spartan Business Solutions, LLC and Spin Capital's interests in this matter. In fact, the parties have conflicting security interest. In sum, Petitioners satisfy the criteria for intervention set out in the Rule and therefore they must be permitted to intervene in this action under FRCP 24(a).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Petitioners should be permitted to intervene in this action under FRCP 24(a).

Respectfully submitted,

7

Date:                                    Attorneys for Petitioners

                                         By:/s/ Jailah D. Emerson
                                              Brendan G. Best (P66370)
                                              Jailah D. Emerson (P84550)
                                              VARNUM LLP
                                              160 W. Fort Street, 5th Floor
                                              Detroit, MI  48226
                                              (313) 481-7300
                                              bgbest@varnumlaw.com
                                              jdemerson@varnumlaw.com
                                              Attorneys for Spartan Business
                                              Solutions, LLC

                                         By:/s/ Shanna M. Kaminski
                                              Shanna M. Kaminski (P74013)
                                              KAMINSKI LAW, PLLC
                                              PO Box 725220
                                              Berkley, MI  48072
                                              (247) 462-7111
                                              skaminski@kaminskilawpllc.com
                                              Attorneys for Spin Capital

19412495.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CRESTMARK, a division of METABANK, NATIONAL ASSOCIATION,

                                         Plaintiff,

    v.

SILVER BIRCH SYSTEMS LLC; and DANIEL T. OSHATZ, individually.

                                      Defendants,

SPARTAN BUSINESS SOLUTIONS, LLC; and SPIN CAPITAL,

                                      Petitioners.

**Case No. 22-cv-10092-BAF-APP**

**Judge:  Bernard A. Friedman**

**Magistrate Judge:  Anthony P. Patti**

---

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2022, I filed the Motion to Intervene via the Court ECF system and a copy of same was served upon such parties as are entitled to automatic service via the Court's ECF system.

Respectfully submitted,

By:/s/ Jailah D. Emerson
Brendan G. Best (P66370)
Jailah D. Emerson (P84550)
VARNUM LLP
160 W. Fort Street, 5th Floor
Detroit, MI  48226
(313) 481-7300
bgbest@varnumlaw.com
jdemerson@varnumlaw.com
Attorneys for Spartan Business Solutions, LLC

9

# EXHIBIT A

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. E2022-60

RECEIVED NYSCEF: 01/17/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

-------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC
D/B/A SPARTAN CAPITAL

INDEX NO.: [ E2022-60 ]

DATE PURCHASED:

*Plaintiff,*

**SUMMONS**

-against-

Plaintiff's Address is:
371 East Main Street, Suite 2
Middletown, NY 10940

SILVER BIRCH SYSTEMS LLC
D/B/A SILVER BIRCH SYSTEMS, SBS,
AMTEL CONSULTING INC,
AW COMMUNICATIONS, INC.,
ROCKY MOUNTAIN EUROVEST, LLC,
VOIP ONE SOLUTIONS INC., 3667 CORP and
DANIEL TODD OSHATZ

*Defendants.*

-------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff attorney, at the address stated below, an answer to the attached complaint. If this summons was personally delivered upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

**The basis for venue is pursuant to the Contract entered into between the parties.**

Dated: Hewlett, New York
January 17, 2022

By:

Jason A. Gang, Esq.
The Law Office of Jason Gang
1245 Hewlett Plaza, #478
Hewlett, NY 11557
(646) 389-5610
*Attorneys for Plaintiff*
Our File No. 240-073

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. E2022-60

RECEIVED NYSCEF: 01/17/2022

**Defendants to be served:**

Silver Birch Systems LLC D/B/A Silver Birch Systems
4757 East Greenway Road
Phoenix, AZ 85032

SBS
4757 East Greenway Road
Phoenix, AZ 85032

Amtel Consulting Inc
956 West Jericho Turnpike
Smithtown, NY 11787

A.W Communications, Inc.
1079 Route 112, Suite 274
Port Jefferson Station, NY 11776

Rocky Mountain Eurovest, LLC
15 West 37th Street, 3rd Floor
New York, NY 10018

VOIP One Solutions Inc.
956 West Jericho Turnpike
Smithtown, NY 11787

3667 Corp
22 Club Pointe Drive
White Plains, NY 10605

Daniel Todd Oshatz
22 Club Pointe Drive
White Plains, NY 10605

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM          INDEX NO. E2022-60
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/17/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC          INDEX NO.:   E2022-60
D/B/A SPARTAN CAPITAL

                          *Plaintiff,*          **VERIFIED COMPLAINT**

              -against-

SILVER BIRCH SYSTEMS LLC
D/B/A SILVER BIRCH SYSTEMS, SBS,
AMTEL CONSULTING INC,
AW COMMUNICATIONS, INC.,
ROCKY MOUNTAIN EUROVEST, LLC,
VOIP ONE SOLUTIONS INC., 3667 CORP and
DANIEL TODD OSHATZ

                          *Defendants.*

------------------------------------------------------------------X

Plaintiff Spartan Business Solutions, LLC d/b/a Spartan Capital ("Plaintiff"), by its

attorney, Jason A. Gang Esq., for its complaint herein against Silver Birch Systems LLC D/B/A

Silver Birch Systems, SBS, Amtel Consulting Inc, AW Communications, Inc., Rocky Mountain

Eurovest, LLC, VOIP One Solutions Inc., 3667 Corp ("Company Defendants") and Daniel Todd

Oshatz ("Guarantor") (Company Defendants and Guarantor collectively "Defendants"), alleges

as follows:

### The Parties

1.      At all relevant times, Plaintiff was and is a Limited Liability Company

organized and existing under the laws of the State of New York.

2.      Upon information and belief, at all relevant times, Company Defendants, Silver

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. E2022-60
RECEIVED NYSCEF: 01/17/2022

Birch Systems, LLC d/b/a Silver Birch Systems, SBS, are companies located in and are existing under the laws of the State of Arizona.

       3.      Upon information and belief, at all relevant times, Company Defendants, Amtel Consulting Inc, AW Communications, Inc., Rocky Mountain Eurovest, LLC, VOIP One Solutions Inc., 3667 Corp, are companies located in and are existing under the laws of the State of New York.

       4.      Upon information and belief, at all relevant times, Guarantor was and is an individual residing in the State of New York.

### The Facts

       5.      On or about December 21st, 2021, Plaintiff and Defendants entered into a Standard Merchant Cash Advance Agreement (the "Agreement") pursuant to which Plaintiff purchased 15% of the Company Defendants' total future accounts receivable up to the sum of $1,670,400.00 (the "Purchased Amount") in exchange for an upfront purchase price of $1,160,000.00 (the "Purchase Price")

       6.      Pursuant to the Agreement, Company Defendants agreed to have one bank account approved by Plaintiff (the "Bank Account") from which Company Defendants authorized Plaintiff to make daily ACH withdrawals until $1,670,400.00 was fully paid to Plaintiff.

       7.      Plaintiff and Defendants agreed that in place of ACH withdrawals, Defendants would wire the required funds to Plaintiff on a weekly basis through a firm called TeleEscrow, Inc.

       8.      In addition, Guarantor guaranteed the performance of the Company Defendants' obligations to Plaintiff in the event that Company Defendants failed to perform.

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM | INDEX NO. E2022-60

NYSCEF DOC. NO. 1 | RECEIVED NYSCEF: 01/17/2022

9.     Plaintiff remitted the purchase price, less applicable fees, for the future receivables to Company Defendants as agreed. Initially, Company Defendants met its obligations under the Agreement.

10.     Critical to facilitating this transaction, the Agreement contains Company Defendants' express covenant not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Future Receivables.

11.     On or about January 12th, 2022, Company Defendants failed to make the agreed upon wire payment and otherwise breached the Agreement.

12.     Company Defendants had likewise breached the Agreement by "Stacking" Plaintiff, as defined in paragraph 30 of the Agreement by selling their receivables to other merchant cash advance companies.

13.     At least five other merchant cash advance companies have filed actions against Defendants since January 13th, 2022 for breach of their agreements.

14.     Company Defendant made payments totaling $139,200.00 leaving a balance of $1,531,200.00. In addition, pursuant to the Agreement, Company Defendants incurred a UCC Fee in the amount of $195.00, and a Default Fee in the amount of $2,500.00, per paragraph 2 "Additional Fees" of the Agreement.

15.     Additionally, Defendants are responsible for attorney fees at the rate of 33% in the amount of $506,185.35, per paragraph 44 "Costs" and paragraph 46 "Legal Fees" of the Agreement.

16.     Contrary to Company Defendant's express covenant set forth above, Company Defendants materially breached the terms of the Agreement on January 12th, 2022, by failing to

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. E2022-60
RECEIVED NYSCEF: 01/17/2022

make scheduled remittances and stacking/selling the Company Defendants receivables.

17.    Despite due demand, Company Defendants have failed to pay the amounts due and owing by Company Defendants to Plaintiff under the Agreement.

18.    Additionally, Guarantor is responsible for all amounts incurred as a result of any default of the Company Defendants.

19.    There remains a balance due and owing to Plaintiff on the Agreement in the amount of $2,040,080.35 plus interest, costs, disbursements and attorney's fees.

### AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

20.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this complaint as though fully set forth at length herein.

21.    Plaintiff gave fair consideration to Company Defendants which was tendered for the right to receive the aforementioned receivables. Accordingly, Plaintiff fully performed under the Agreement.

22.    Upon information and belief, Company Defendants are still conducting regular business operations and still collecting receivables.

23.    Company Defendants have materially breached the Agreement by failing to make the specified payment amount to Plaintiff as required under the Agreement and otherwise intentionally impeding and preventing Plaintiff from receiving the proceeds of the receivables purchased by them.

24.    Upon information and belief, Company Defendants have also materially

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM    INDEX NO. E2022-60
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 01/17/2022

breached the Agreement by using more than one depositing bank (account which has not been
approved by Plaintiff.

25.     By reason of the foregoing, Plaintiff has suffered damages in the amount of
$2,040,080.35, plus interest, costs, disbursements and attorney's fees.


## AS AND FOR A SECOND CAUSE OF ACTION
### (Personal Guarantee)

26.     Plaintiff repeats and realleges each and every allegation contained in
paragraphs 1 through 25 of this complaint as though fully set forth at length herein.

27.     Pursuant to the Agreement, Guarantor personally guaranteed that Company
Defendants would perform its obligations thereunder and that he or she would be personally
liable for any loss suffered by Plaintiff as a result of a breach by Company Defendants.

28.     Company Defendants have breached the Agreement as detailed above.

29.     By reason of the foregoing, Plaintiff is entitled to judgment against Guarantor
based on his or her personal guarantee in the sum of $2,040,080.35, plus interest, costs,
disbursements and attorney's fees.


## AS AND FOR A THIRD CAUSE OF ACTION
### (Attorney's Fees)

30.     Plaintiff repeats and realleges each and every allegation contained in
paragraphs 1 through 29 of this complaint as though fully set forth at length herein.

31.     The Merchant Agreement provides that in addition to all payments owed under
the Agreement, Defendants, agree to pay all costs associated with a default and the

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. E2022-60

RECEIVED NYSCEF: 01/17/2022

enforcement of remedies thereof, including but not limited to, court costs, disbursements and attorney's fees, which may include a contingency fee of up to 40% of the amount due at the time of default.

32.     As a result of this litigation, Plaintiff is at risk of incurring expenses including attorneys' fees, which cannot be finally determined at this date, but which will be capable of determination at such time as judgment me be entered herein.

33.     By reason of the foregoing, Defendants are liable to Plaintiff for Plaintiff's expenses in regard to this litigation, including costs, disbursements and attorneys' fees, in such amount as may be determined.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**

34.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint as though fully set forth at length herein.

35.     Defendants have been unjustly enriched in that they have received the purchase price for the future receivables, yet have failed to pay the sum of $2,040,080.35 pursuant to the Agreement.

36.     By reason of the foregoing, Plaintiff is entitled to judgment against the Defendants for unjust enrichment in an amount to be determined by the court, plus interest, costs, disbursements and attorney's fees.

**WHEREFORE,** Plaintiff Spartan Business Solutions, LLC d/b/a Spartan Capital requests judgment against Defendants Silver Birch Systems LLC D/B/A Silver

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. E2022-60

RECEIVED NYSCEF: 01/17/2022

Birch Systems, SBS, Amtel Consulting Inc, AW Communications, Inc., Rocky

Mountain Eurovest, LLC, VOIP One Solutions Inc., 3667 Corp and Daniel Todd

Oshatz as follows:

(i)    On the first cause of action of the complaint, Plaintiff requests judgment

against Company Defendants in the amount of $2,040,080.35, plus interest,

costs, disbursements and attorney's fees;

(ii)   On the second cause of action of the complaint, Plaintiff requests judgment

against Guarantor in the amount of $2,040,080.35, plus interest, costs,

disbursements and attorney's fees;

(iii)  On the third cause of action of the complaint, Plaintiff requests judgment

against Company Defendants and Guarantor in an amount to be determined

at trial.

(iv)   On the fourth cause of action of the complaint, Plaintiff requests judgment

against Company Defendants and Guarantor in an amount of $2,040,080.35,

plus interest, costs, disbursements and attorney's fees;

(v)    For such other and further relief as this Court deems just and proper.

Dated: Hewlett, New York
       January 17, 2022

By: _____

Jason A. Gang, Esq.
The Law Office of Jason Gang
1245 Hewlett Plaza, #478
Hewlett, NY 11557
(646) 389-5610
*Attorneys for Plaintiff*

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM

NYSCEF DOC. NO. 1

INDEX NO. E2022-60

RECEIVED NYSCEF: 01/17/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

------------------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC                    INDEX NO.: | E2022-60 |
D/B/A SPARTAN CAPITAL

                                        *Plaintiff,*

            -against-

SILVER BIRCH SYSTEMS LLC
D/B/A SILVER BIRCH SYSTEMS, SBS,
AMTEL CONSULTING INC,
AW COMMUNICATIONS, INC.,
ROCKY MOUNTAIN EUROVEST, LLC,
VOIP ONE SOLUTIONS INC., 3667 CORP and
DANIEL TODD OSHATZ

                                        *Defendants.*

------------------------------------------------------------------X

NOTICE OF COMMENCEMENT OF ACTION
SUBJECT TO MANDATORY ELECTRONIC FILING

        PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by
filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing
pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served
as required by Subdivision (b) (3) of that Section.

        The New York State Courts Electronic Filing System ("NYSCEF") is designed for the
electronic filing of documents with the County Clerk and the court and for the electronic service of
those documents, court documents, and court notices upon counsel and self-represented parties.
Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required
by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the
Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of
document filings.

        Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that
they lack the computer equipment and (along with all employees) the requisite knowledge to comply;
and 2) self-represented parties who choose not to participate in e-filing. For additional information
about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at
www.nycourts.gov/efile   or contact the NYSCEF Resource Center at 646-386-3033 or
efile@courts.state.ny.us.

        Dated: January 17, 2022

                                        By: _____
                                            Jason A. Gang, Esq.
                                            The Law Office of Jason Gang
                                            1245 Hewlett Plaza, #478
                                            Hewlett, NY 11557
                                            *Attorneys for Plaintiff*

FILED: SULLIVAN COUNTY CLERK 01/17/2022 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. E2022-60

RECEIVED NYSCEF: 01/17/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

-----------------------------------------------------------X

SPARTAN BUSINESS SOLUTIONS, LLC
D/B/A SPARTAN CAPITAL

INDEX NO.: | E2022-60 |

*Plaintiff,*

**VERIFICATION**

-against-

SILVER BIRCH SYSTEMS LLC
D/B/A SILVER BIRCH SYSTEMS, SBS,
AMTEL CONSULTING INC,
AW COMMUNICATIONS, INC.,
ROCKY MOUNTAIN EUROVEST, LLC,
VOIP ONE SOLUTIONS INC., 3667 CORP and
· DANIEL TODD OSHATZ

*Defendants.*

-----------------------------------------------------------X

STATE OF NEW JERSEY   :
                      : SS:
COUNTY OF MONMOUTH:

        **Justin Yuen**, being duly sworn, hereby deposes and says as follows, under penalties of perjury:

        I am the **Chief Financial Officer** of Plaintiff SPARTAN BUSINESS SOLUTIONS, LLC D/B/A SPARTAN CAPITAL in the within action. I have read the foregoing Verified Complaint and know the contents thereof; The same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

        The foregoing statements are true under penalties of perjury.

Sworn to before me this
19th day of _January_ , 2022

_____
Notary Public

BY:

_____
Justin Yuen

DANIELLE CARROLL
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 3/26/2025