# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| PATHWARD, NATIONAL ASSOCIATION | Case No. 22-CV-10092 |
| Plaintiff, | Judge: Mark A. Goldsmith |
| v. | |
| SILVER BIRCH SYSTEMS LLC; and DANIEL T. OSHATZ, individually. | |
| Defendants. | |

## INTERIM REPORT OF RECEIVER DATED 5/24/2024

### INTRODUCTION AND BACKGROUND

Scott Eisenberg (the "Receiver"), originally of CRS Capstone Partners, LLC[1], was appointed receiver over Silver Birch Systems, LLC ("Silver Birch") on March 22, 2022 through this Court's Order (the "Receiver Order"). The Receiver was appointed at the request of Crestmark, a division of Metabank, National Association ("Crestmark").[2]

---

[1] Scott Eisenberg left CRS Capstone Partners, LLC in December of 2023 and formed a new company, Franklin Capital Advisors, LLC ("FCA"). Mr. Eisenberg is continuing his duty as Receiver under the umbrella of FCA.

[2] Crestmark has have since changed its name to Pathward National Association.

Crestmark requested the Receiver be appointed regarding Silver Birch's default under a $10 million line of credit provided to the Borrower on September 13, 2022. Since his appointment, the Receiver has conducted an extensive investigation into Silver Birch and has uncovered significant fraud. This investigation resulted in the expansion of the receivership estate, as briefly described below.

I. **Activity Since The Last Receiver Report**

Both before and since the last Receiver Report, the Receiver and its counsel have continued his investigation of Silver Birch. This has included an investigation of and the eventual expansion of the receivership estate over two related entities, Teleescrow, Inc. ("Teleescrow") and NYLA Production, LLC ("NYLA"). See DN 58 and DN 78.

The Receiver has repeatedly requested the business records of each of these companies from the individuals who the Receiver believes controlled them. The individuals did not produce all, or anywhere near all, the records the Receiver requested. As a result, the Receiver eventually requested, among other relief, that this Court hold the individuals in contempt. See DN 58, 83, and 117. Unfortunately,

these actions have not resulted in the Receiver's acquisition of any significant additional records.

The Receiver has attempted to obtain information and further his investigation by several other means. The Receiver has made demand under the Receiver Order and also subpoenaed Google, LLC to attempt to recover the companies' e-mails. As this Court is aware, the Receiver continues to negotiate with Google. The Receiver is cautiously optimistic that this will eventually result in the recovery of at least some of the communications of the receivership entities.

The Receiver has also subpoenaed and otherwise communicated with several of the companies' former lenders, and has subpoenaed DealDefenders, LLC, an entity which Silver Birch ostensibly retained to assist in processing transactions. The Receiver has subpoenaed Silver Birch's tax preparer, and communicated with the purported preparer of Silver Birch's financial statements. The Receiver has attempted to obtain Silver Birch's tax returns from the Internal Revenue Service.

Some of these efforts have resulted in the production of some limited amounts of information and documentation to the Receiver. But overall, the Receiver has not been able to obtain all requested information about any of the three companies which are the subjects of the receivership estate to confidently make all necessary conclusions about the extent of their existing assets. Based on the limited

information available, the Receiver does not believe that there are assets to recover remaining in any of the entities (other than the causes of action described in the following paragraphs).

The Receiver does believe that there are assets which could be brought into the receivership estate based on certain causes of action. The Receiver has limited resources to aggressively pursue causes of action, because there is no money currently in the estate. However, the Receiver did obtain litigation funding to pursue one such cause of action, against Alterna Capital Solutions, LLC ("Alterna"). See DN 130. As this Court is aware, the Receiver, through its counsel, subsequently filed a complaint based on alleged fraudulent transfers against Alterna. That case is now pending, with mediation scheduled for July.

There are other smaller but similar causes of action the Receiver believes should be pursued against other parties. The Receiver is currently working within the financial constrictions of the receivership estate while still attempting to pursue these causes of action through demand letters and negotiation.

## II. Conclusion And Next Steps

The Receiver's most immediate objective is to pursue the Alterna litigation. The Receiver is hopeful that this litigation will bring money into the receivership estate which will permit the estate to more aggressively pursue other causes of

action, and also to more vigorously pursue the information necessary to determine if any additional assets remain in the companies that are the subjects of the receivership estate.

        Respectfully submitted,

        SCHAFER AND WEINER, PLLC

        / s / Joseph K. Grekin         .
        JOSEPH K. GREKIN (P52165)
        Attorneys for Receiver
        40950 Woodward Ave., Ste. 100
        Bloomfield Hills, Michigan 48304
        (248) 540-3340
        jgrekin@schaferandweiner.com

Dated:  May 24, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATHWARD, NATIONAL ASSOCIATION

        Plaintiff,

v.

SILVER BIRCH SYSTEMS LLC; and DANIEL T. OSHATZ, individually.

        Defendants.

        /

Case No. 22-CV-10092

Judge: Mark A. Goldsmith

## CERTIFICATE OF SERVICE OF
## INTERIM REPORT OF RECEIVER DATED 5/24/2024

I hereby certify that on May 24, 2024, I filed:

- Interim Report of Receiver Dated 5/24/2024

with the Court by using the ECF system, which sent notification of such filing to all parties currently included on the Court's Electronic Mail Notice List.

        Respectfully submitted,

        SCHAFER AND WEINER, PLLC

        / s / Janice M. Burns
        JANICE M. BURNS, Legal Assistant to
        JOSEPH K. GREKIN (P52165)
        Attorney for Receiver
        40950 Woodward Ave., Ste. 100
        Bloomfield Hills, Michigan 48304
        (248) 540-3340
        jgrekin@schaferandweiner.com

Dated:   May 24, 2024

{01058507.1}